

**SO ORDERED.**

**SIGNED this 01 day of June, 2004.**

LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 03-54498-LMC-13 |
| | § | |
| CHARLIE V. LANDY and | § | |
| PATRICIA A. LANDY, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| COUNTRYWIDE HOME LOANS, INC. | § | |
| AS SERVICER FOR VETERANS | § | |
| ADMINISTRATION, | § | |
|     Movant | § | HEARING DATE: 5/10/04 |
| | § | |
| v. | § | TIME: 10:00 |
| | § | |
| CHARLIE V. LANDY and | § | |
| PATRICIA A. LANDY; and | § | |
| MARION OLSON, JR., Trustee | § | |
|     Respondents | § | JUDGE LEIF M. CLARK |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

Came on for consideration the Motion for Relief from Stay filed by COUNTRYWIDE HOME LOANS, INC. AS SERVICER FOR VETERANS ADMINISTRATION, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the



agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtors shall continue to remit to the Movant the regular post-petition monthly payments beginning June 1, 2004, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated November 18, 1986.

3. **Additional Payments:** In addition to the payments set forth above, Debtors shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $4,986.00 . Said total amount consists of post-petition payments for the months of February 1, 2004 through May 1, 2004 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount $1,045.03 x 4 | | $4,180.12 |
| Late Charges $32.72 x 4 | | $130.88 |
| Attorney Fees | $450.00 | |
| Costs | $225.00 | |
| Total Attorney's Fees & Costs | | $675.00 |
| Other Fees | | $0.00 |
| Amount Due | | $4,986.00 |
| Payment Received | | $0.00 |
| Total Balance Due Less Payment Received | | $4,986.00 |

The total amount due shall be paid directly to Movant as indicated below:

COUNTRYWIDE HOME LOANS, INC. AS SERVICER FOR VETERANS
ADMINISTRATION
PTX-B-32
7105 CORPORATE DRIVE
PLANO, TX 75024
Attention: Bankruptcy Department

| | | |
|---|---|---|
| 1. | $831.00 | 06/15/2004 |
| 2. | $831.00 | 07/15/2004 |
| 3. | $831.00 | 08/15/2004 |
| 4. | $831.00 | 09/15/2004 |
| 5. | $831.00 | 10/15/2004 |

                6.    $831.00                11/15/2004

**There is no grace period on additional installment payments due under this Agreed Order.** Payments received after the due date are subject to default provisions contained in Paragraph 10.

4.       **Payments to Trustee:** Debtors shall remit to the Trustee the monthly payment provided for under the Debtors Plan. Debtors shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date, this Order is signed by the Bankruptcy Judge.

5.       **Trustee Notification Upon Termination Of The Stay:** (a) If the Property is foreclosed or repossessed, the creditor must provide written notice by regular U.S. mail to the debtor, Debtors', and the Trustee; and (b) Once the above-referenced notice of foreclosure or repossession is received by the Trustee, no further disbursement will be made by the Trustee on the claim <u>until an amended claim is filed by the creditor.</u>

6.       **Proof of Payments:** Debtors shall have 30 days from May 10, 2004 or until June 9, 2004 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by June 9, 2004, then Movant shall credit Debtor's account, with said payments. If said proof is not provided to Movant, the Debtors must tender to Movant the amount of $4,986.00 as stated above net of payments received and said net amount becomes due and owing under the terms stated in paragragh 3.

7.       **Discharge:** Notwithstanding any provisions hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

8.     **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code, and in the event of conversion, Movant shall not be bound by the payment schedule in paragraph three (3) of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the applicable note and deed of trust payable to Movant shall become immediately payable, and failure to bring the loan contractually current within ten (10) days of the date of the entry of a conversion order or the Debtors' filing of a motion to convert shall be an event of default under paragraph ten (10) of this Agreed Order.

9.     **Effect of Non-sufficient Funds:** Debtors tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this order and is an event of default.

10.    **Default:** In the event Movant does not receive any payments by the dates set forth in Paragraph 2 or 3 or Debtors do not remit the payment set forth in Paragraph 4 above, or in the event Debtors convert to Chapter 7 as set forth in Paragraph 8, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors, Counsel for Debtor/Debtors and Trustee and allow Debtors a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default,** the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may

have in the collateral described as follows:

> LOT 11, BLOCK 24, LAKESIDE SUBDIVISON, UNIT XI, BEXAR COUNTY,
> TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 8200, PAGES 176-177,
> DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that the Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the Provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors attorney and the Chapter 13 Trustee that the Automatic Stay has been terminated.

# # #

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT BURKE WILSON CASTLE
DAFFIN & FRAPPIER, L.L.P.

BY: _/s/ JEFFREY FLEMING_  /s/CHARLES J. BONDURANT _by permission_
TBA NO. 24034442                      11825 IH 10 WEST, #202
1900 St. James Place, Suite 500       SAN ANTONIO, TX 78230
Houston, Texas 77056                  ATTORNEY FOR DEBTOR
Telephone: (713) 621-8673
Facsimile: (713) 621-8583
ATTORNEY FOR MOVANT

have in the collateral described as follows:

> LOT 11, BLOCK 24, LAKESIDE SUBDIVISON, UNIT XI, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 8200, PAGES 176-177, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that the Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the Provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors attorney and the Chapter 13 Trustee that the Automatic Stay has been terminated.

# # #

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT BURKE WILSON CASTLE
DAFFIN & FRAPPIER, L.L.P.

BY:

/s/JEFFREY FLEMING
TBA NO. 24034442
1900 St. James Place, Suite 500
Houston, Texas 77056
Telephone: (713) 621-8673
Facsimile: (713) 621-8583
ATTORNEY FOR MOVANT

/s/CHARLES J. BONDURANT
11825 IH 10 WEST, #202
SAN ANTONIO, TX 78230
ATTORNEY FOR DEBTOR